IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSE ISRAEL GUZMAN HURTADO, *et al.*,
      *Petitioners*,
  v.

KRISTI NOEM, *et al.*,
      *Respondents*.

1:25-cv-002032-MSN-WEF

## ORDER

Jose Israel Guzman Hurtado, Manuel Vara Vara Caballero, and Jose Melanio Flores ("Petitioners") have filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which they assert that they have been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioners allege that their characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting them to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count II) and their due process rights (Count III), and entitles them to a declaratory judgment (Count I).

Petitioners are currently detained at the Farmville Detention Center in Farmville, Virginia and the Caroline Detention Facility in Bowling Green, Virginia. ECF 1 ¶¶ 5–7. They have sued Kristi Noem, the DHS Secretary; Todd M. Lyons, ICE's Acting Director; Joseph Simon, ICE's Washington Field Office Director; and Pamela Bondi, the Attorney General (collectively "Federal Respondents"). *Id*. at 1. They have also sued Jeffrey Crawford, the warden of the Farmville Detention Center and Paul Perry, the warden of the Caroline Detention Facility. *Id*.

In response to the Court's Order of November 14, 2025 (ECF 2), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material

fashion from those presented in *Servellon Martinez*, 1:25-cv-1792 (E.D. Va.). ECF 4. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count III.[1]

## I.   BACKGROUND

Petitioner Jose Israel Guzman Hurtado is a citizen of El Salvador who entered the United States without inspection in 2016. ECF 1 ¶ 36. Petitioner subsequently moved to Winchester, Virginia, where he lives with his partner and child. *Id.* at ¶¶ 37, 41. On October 30, 2025, Petitioner was detained by immigration authorities while on his way to work. *Id.* at ¶ 38. He was transferred to Farmville Detention Center where he has been detained since. *Id.* at ¶ 39.

Petitioner Manuel Vara Vara Caballero is a citizen of Mexico. ECF 1 ¶ 43. He entered the United Staes without inspection in 2014 and currently lives in East Riverdale, Maryland with his wife and three U.S. citizen children. *Id.* at ¶ 44. On August 14, 2025, immigration authorities detained Petitioner while he was at work. *Id.* at ¶ 45. Petitioner is currently detained at Caroline Detention Facility. *Id.* at ¶ 46.

Petitioner Jose Melanio Flores is a citizen of Honduras who entered the United States without inspection in 2005. ECF 1 ¶ 50. He currently lives in Newport News, Virginia with his wife and three children, two of whom are U.S. citizens. *Id.* at ¶ 51. On October 29, 2025, immigration authorities detained Petitioner near his daughter's school. *Id.* at ¶ 52. Petitioner has remained detained at Caroline Detention Facility since. *Id.* at ¶ 53.

---

[1]   Because the Court grants the Petition as to Count III, it need not address Petitioners' other claims.

2

Petitioners each allege that DHS has denied them release on bond while their removal proceedings are pending pursuant to the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] ECF 1 ¶¶ 42, 49, 56.

## II.   ANALYSIS

The central question posed in the Petition is whether Petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioners contends that their detention should be governed by § 1226(a) and that their current detention without bond pursuant to § 1225(b)(2) violates their right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioners are present in the United States but have not been legally "admitted," they should be considered applicants for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

---

[2]     Federal Respondents have waived any argument that Petitioners did not exhaust their administrative remedies with respect to their habeas claims. However, to ensure that Petitioners' eventual bond hearings comports with ordinary ICE procedures, this Court will direct Petitioners to file a motion for custody redetermination pursuant to 8 C.F.R. § 236.1(d)(1) before Federal Respondents hold the hearings required by this Order.

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioners have been present in the United States for between eleven and twenty years, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), their detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, they are entitled to a bond hearing before an IJ in which the IJ must determine whether they pose a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless

---

[3]    *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

the IJ makes such a determination, Petitioners' continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *9–10, violates their right to due process.

### III.   CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that to the extent that Petitioners seeks release from detention, Petitioners file a motion requesting a bond hearing or custody redetermination as soon as practicable; and that Federal Respondents provide Petitioners with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioners on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioners have been granted bond, and, if their request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioners' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

November 24, 2025
Alexandria, Virginia